UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No. 13-CV-0801 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| SHAWN GUSE, ANGELA WOESSNER, JOHN DOE, and MARY ROE, | |
| Defendants. | |

Gerald G. Workinger, Jr. and Jessica L. Blanner, USSET, WEINGARDEN & LIEBO, PLLP, for plaintiff.

William B. Butler, BUTLER LIBERTY LAW, LLC, for defendants Shawn Guse and Angela Woessner.

Plaintiff Federal National Mortgage Association initiated this eviction action in Minnesota state court. Defendants removed the action to this Court[1] on the basis of 28 U.S.C. § 1345, which creates original federal jurisdiction over "civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." *See* ECF No. 1 ¶ 3. This matter is before the Court on defendants' objection to the December 6, 2013 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.[2] Judge Mayeron recommends that the Court abstain from exercising

---

[1]The Court notes that defendants' notice of removal refers to "defendants Mark w. Gerdes and Julie K. Gerdes" and identifies this case as *Federal National Mortgage Association v. Gerdes*. ECF No. 1 at 1. These are apparently inadvertent references to a different case.

[2]On December 26, 2013, attorney William B. Butler was suspended from the practice of law before the United States Court of Appeals for the Eighth Circuit. *In re Butler*, No. 13-9013 (8th Cir. Dec. 26, 2013) (order of suspension). As a result, Butler is automatically suspended

(continued...)

jurisdiction and remand the case to state court. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), defendants contend that a federal court can never abstain from exercising jurisdiction over a case when that case falls within the court's federal-question jurisdiction. There are two glaring problems with defendants' argument:

First, this is not a case involving federal-question jurisdiction. Instead, this is an ordinary eviction action arising under state law, and it was removed to this Court under 28 U.S.C. § 1345, not under 28 U.S.C. § 1331. Defendants appear to argue that *every* case to which the United States is a party involves federal-question jurisdiction. But the United States can be a party to a lawsuit that does not involve any question of federal law. If defendants were correct that a federal court has jurisdiction over every case to which the United States is a party under § 1331, then § 1345 would have no reason for existing. In support of their argument, defendants cite nothing except Article III, § 2 of the Constitution. But Article III, § 2 explicitly distinguishes between federal-question jurisdiction ("Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority") and U.S.-party jurisdiction ("Controversies to which the United States shall be a Party"). Moreover, Article III, § 2 creates *all* federal jurisdiction — including not only the

---

[2](...continued)
from the practice of law before this Court. *See* Local Rule 83.6(b)(1) ("Unless otherwise ordered by this Court, any such attorney who has been temporarily or permanently prohibited from practicing law by order of any other court, whether by suspension, revocation, or disbarment, shall automatically forfeit his or her right to practice law before this Court during the same period that such attorney has been prohibited from practicing law by such other court."). But Butler filed the objection before being suspended, and thus it is properly before the Court.

federal-question jurisdiction implemented in § 1331, and the U.S.-party jurisdiction implemented in § 1345, but, for example, the diversity jurisdiction implemented in 28 U.S.C. § 1332. Just as diversity jurisdiction is plainly not federal-question jurisdiction, so, too, U.S.-party jurisdiction is plainly not federal-question jurisdiction.

Second, defendants are also mistaken in asserting that *Colorado River* "expressly held that abstention **did not apply** to federal question jurisdiction where the United States was a party . . . ." ECF No. 31 at 3. The portion of *Colorado River* that defendants cite in support of their argument held that the dismissal of the federal action was not supported by any of the abstention doctrines that had previously been recognized. *See Colorado River*, 424 U.S. at 813-17. But the reason *Colorado River* is a landmark decision is because it went on to recognize a *new* ground for abstention — universally known as "*Colorado River* abstention" — in a portion of the opinion that defendants neither cite nor discuss. *See id.* at 817-21.

In *Colorado River*, the United States filed a federal lawsuit involving both state and federal claims. *Id.* at 805, 815-16. The Supreme Court nevertheless held that the district court properly dismissed the federal action in favor of a parallel state proceeding. *Id.* at 821. The Supreme Court upheld the district court's dismissal despite noting that "[t]he District Court . . . would have had jurisdiction of this suit under the general federal-question jurisdiction of 28 U.S.C. § 1331." *Id.* at 809 n.15. In other words, the Supreme Court upheld the district court's dismissal of the federal lawsuit despite the fact that the United States was a party and federal-question jurisdiction over the lawsuit existed. Far from supporting defendants' position, *Colorado River* directly refutes it.

For these reasons, the Court adopts the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendants' objection [ECF No. 31] and ADOPTS the December 6, 2013 R&R [ECF No. 30].  IT IS HEREBY ORDERED THAT this action is REMANDED to the Minnesota District Court, Fourth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 14, 2014                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge